ALLEN *et al. v.* GIBSON.

(In Banc. Jan. 8, 1945. Suggestion of Error Overruled Feb. 12, 1945.)

[20 So. (2d) 479. No. 35749.]

**Ernest Kellner**, of Greenville, and **Forrest G. Cooper**, of Indianola, for appellants.

Farish, Keady & Branton, of Greenville, for appellee.

McGehee, J., delivered the opinion of the court.

This is an action of ejectment brought in the county court by the appellee, Dr. N. W. Gibson, to obtain from the appellants, Mrs. Iris C. Allen et al., the possession of 8¼ acres of land. From a judgment in favor of the plaintiff, an appeal was taken to the circuit court where the case was reversed and a trial had de novo, and with the result that the plaintiff again recovered judgment.

On the appeal here it is the contention of the appellants (1) that the county court was without jurisdiction to entertain an ejectment suit, and that hence the circuit court had no jurisdiction of the appeal; (2) that the verdict of the jury was contrary to the competent evidence in the case in regard to the true location of the land line between the parties; and (3) that the testimony discloses that the plaintiff is estopped to claim the land in controversy because of an agreement between his predecessor in title and the defendants to abide by the survey of the land line relied on by the defendants, showing that said 8¼ acre tract is within a forty acre governmental subdivision owned by the defendants rather than in one owned by the plaintiff.

On the first of the questions thus presented, it will be found that Section 1604, Code of 1942, prescribing the jurisdiction of the county court, provides ". . . and it shall have jurisdiction concurrent with the circuit and chancery courts in all matters of law and equity wherein the amount or value of the thing in controversy shall not exceed, exclusive of costs and interest, the sum of one thousand dollars." The statute then enumerates certain kinds of actions in which the justices of the peace had formerly exercised jurisdiction and then vests the same exclusively in the county court. The action of ejectment not being one of those actions in which the justices of the peace had ever exercised any jurisdiction, the same is not mentioned in the enumeration. It is included, however,

in the term "all matters of law and equity" when the amount or value of the thing in controversy shall not exceed one thousand dollars, as in the instant case.

On the second question, the conflicting testimony of two surveyors, and that of the corroborating witnesses who supported the contention of each, as to the location of the true line, presented a question of fact for the jury; and we are of the opinion that the method adopted by the plaintiff's surveyor for determining the location of the government corners of the section, and then finding the correct location of the center line thereof here in dispute, was the proper method, and it was for the jury to say whether or not he was telling the truth.

On the third question, the testimony was likewise in conflict as to whether there had been an agreement to abide by the line contended for by the defendants. The agreement is said to have been made by the defendants with one Baskin, the grantor of the plaintiff, who in his deed of conveyance to plaintiff had taken cognizance of the land line dispute and agreed with the said grantee to reimburse him on the purchase price to the amount of $25 per acre if any of the land described in the deed should be taken from him by suit. This provision in the deed, together with defendants' possession of the strip of land in controversy, put the plaintiff on notice of any rights that the defendants had in the premises, but the jury decided that they had acquired no right to the disputed area by agreement or otherwise, since an instruction granted in favor of the defendants told the jury that if they believed that such oral agreement was had, and that the defendants had acted thereon in clearing and improving the land, then they should find for the defendants. This instruction clearly submitted to the jury the defendants' theory of estoppel, and it cured the omission in the plaintiff's instruction in regard to such plea,

wherein the jury was told that the defendants had not acquired title to the land described in the declaration by adverse possession or otherwise. In other words, the jury understood from the instructions as a whole and from the entire trial of the case that the issue to be decided was which of the two surveys represented the true center line of the section, separating the lands within the calls of the respective deeds of the parties; also, that if the line contended for by the defendants was not correct, whether the plaintiff was nevertheless estopped on account of the agreement testified to on behalf of the defendants and denied on behalf of the plaintiff—the jury being instructed in effect that the agreement, if made, would prevent a recovery by the plaintiff.

We find no reversible error in the record, and the judgment of the circuit court must therefore be affirmed.

Affirmed.

L. A. Smith, Sr., not participating.